### SPEH et al. v. BULLARD et al.
### No. 8337.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1937.

Mastin G. White, Sol., Department of Agriculture, and Mary Connor Myers, Atty., Solicitor's Office, Department of Agriculture, both of Washington, D. C., for appellants.

H. L. Anderson, of Jacksonville, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants are members of the Marketing Agreement and License Control Committee for gum-turpentine and gum-rosin processors approved by the Secretary of Agriculture under the purported authority of the Agricultural Adjustment Act of May 12, 1933, title 1, 48 Stat. 31 (see 7 U. S.C.A. § 601 et seq.). Appellees are processors, who, under the provisions of the marketing agreement and the license aforesaid, contributed and supplied to the Control Committee, namely, by purchases of stamps or tags, considerable sums of money for their administration. Upon allegations that the marketing agreement and license had terminated, and that the Control Committee had in its hands unexpended moneys which, under the terms of the license, should be returned to those contributing them, appellees brought their bill below to restrain the committee from diverting the funds and for an accounting. The particular complaint was that without authority to do so, and contrary to its terms, the Control Committee had undertaken to pledge for research work a considerable part of these funds, to wit, more than $30,000, and if not restrained, would divert it to and expend it for that purpose.

Over the objections of appellants, (a) to the jurisdiction of the court, (b) that the marketing agreement and license had not terminated, and (c) that in attempting to pledge a part of the funds for research work they were proceeding to expend and

disburse the moneys in accordance with the agreement and license, the court took jurisdiction and ordered the issuance of a temporary injunction. On appeal from that order, this court carefully considered and definitely, finally, and adversely disposed of appellants' objections to the jurisdiction of the court, and to the claim that there was no equity in the bill.[1]

A trial on the merits resulted in a decree, in effect, holding unauthorized the action of the Control Committee in attempting to pledge part of the funds for research work in support of the Gum-Turpentine the Gum-Rosin Research Foundation, and directing the proportionate distribution of the funds directly to each contributor, except to those who had, upon proceedings already taken, directed payment of their part to the Foundation. In addition, it awarded the complainants, as an equitable charge on the funds, a fee for their solicitor of $2,000.

No one but the Control Committee objected to the decree, or to any of its terms. Upon a record containing no statement of facts, and nothing additional to what was in it on the former appeal, except the findings and recommendations of the master the findings of fact and of law of the court, and the final decree, its members are here complaining of the decree as without jurisdiction and without equity.

■ In re-urging on this appeal the want of jurisdiction to entertain, and of equity in, the bill, appellants re-run a covered trail, and must fail, for the re-urging of these grounds is foreclosed by our former judgment. They must fail, too, in their attack upon the findings, as without evidence to support them, because of the complete absence from the record of a statement of the evidence. In this condition of the record we may not inquire whether, we must assume that, the findings are adequately supported.

■ We have only to determine whether the findings support the decree. We are bound to conclude that they do, for the clear and inescapable effect of the provisions of the marketing agreement and the license as to the funds the committee shall have on hand at the expiration of the one, the termination of the other, is that they shall be returned to the licensees in proportion to their contributions, and there is a definite and precise finding by the trial court of expiration and termination requiring the return to the licensees of unexpended funds.

■ As to the equitable charge of plaintiffs' counsel fees against the funds, no complaint is made of the amount, nor, in the absence of a statement of the evidence, does the record furnish any basis or support for appellants' attack upon it.

Though the record is without statement of facts, and consists entirely of pleadings, with an unauthenticated affidavit or two, we have, in view of appellants' urgent insistence that the case was wrongly decided, carefully examined the record. Meager and inadequate as it is for a review of the fact findings and decree of the chancellor, there is nothing in it leading us to a conclusion the contrary of his. Rather, it affirmatively discloses the exercise of a sound and wise administrative discretion in disposing of a situation which, beginning in agreement, had found itself, through differences of opinion on law and policy, and actions taken consequent thereon, involved in confusion and contention. A situation in which the Control Committee, its substantial activities under the marketing agreement and license at an end, and having on hand unexpended funds held by it under agreement to return to the contributors all unexpended moneys on hand at the termination of the license activities should itself, before attempting to devote them to some other purpose, have taken counsel of the contributors, and obtained their authority to do so.

We find no reason to disturb the decree. It is affirmed.

---

[1] Speh v. Bullard (C.C.A.) 83 F.(2d) 809.